UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DYLAN AWBREY, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>UST GLOBAL INC, a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>                      Defendants. | NO.  2:24-cv-914<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>King County Superior Court<br>Case No. 24-2-11388-6 SEA |

Defendant UST Global Inc. ("Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for King County. This removal is based on jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), § 1332(d) and § 1453 (the Class Action Fairness Act (CAFA)), and § 1441 (a)–(b). It is timely filed under 28 U.S.C. § 1446. This Notice of Removal is supported by the accompanying Declarations of Clarence M. Belnavis ("Belnavis Decl.") and Vimal Vijay ("Vijay Decl.").

/ / /

/ / /

/ / /

NOTICE OF REMOVAL - Page 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

## I. BACKGROUND

The Complaint purports to seek relief from Defendant related to Washington's Equal Pay and Opportunities Act, RCW 49.58.110, requiring certain disclosures in job postings. Specifically, the Complaint seeks (1) damages for alleged violations of RCW 49.58.110; (2) injunctive relief; and (3) declaratory relief.

Pursuant to 28 U.S.C. § 1446(d), Defendant will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of Washington for King County, from which this case was removed. Belnavis Decl. ¶ 4.

## II. REMOVAL IS TIMELY

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant is filing this Notice of Removal within thirty days after the Complaint was served. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Defendant first received a copy of the Complaint when it was served on May 24, 2024. Belnavis Decl., ¶ 3, Ex. 1. Accordingly, this Notice of Removal has been filed within thirty days of receipt by Defendant through service of the Summons and Complaint as required by 28 U.S.C. §1446(b).

## III. VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western District of Washington) embraces the King County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate federal district court in which to remove this action.

NOTICE OF REMOVAL - Page 2

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

## IV. SUBJECT MATTER JURISDICTION EXISTS

Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable per 28 U.S.C. § 1441(a) as (1) it is a case with complete diversity of citizenship between the named Plaintiff and Defendant with over $75,000 in controversy and/or (2) it meets CAFA's requirements as (a) it is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of any one defendant, satisfying minimal diversity requirements; (b) the proposed class is estimated to exceed 100 members, and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

### A. Section 1332(a)(1) – Diversity Jurisdiction Exists

There is complete diversity of citizenship between the named Plaintiff and Defendant. With respect to CAFA, it only requires minimal diversity—that is, that any one plaintiff is a citizen of a different state than any one defendant. 28 U.S.C. §§ 1332(d)(2)(A) and 1453.[1] Defendant is incorporated in Delaware and its corporate headquarters is located at 5 Polaris Way, Aliso Viejo, California 92656. Vijay Decl. ¶ 3. High-level officers of Defendant in this lawsuit work, direct, control, and coordinate activities out of this California office. In the materials Plaintiff submitted through LinkedIn to Defendant, he lists his location as Seattle, Washington, and in his Complaint, he confirmed he lives in Washington. Vijay Decl. ¶¶ 4–5; Compl. ¶ 15. Because Plaintiff and Defendant are citizens of different states, both complete diversity and minimal diversity exists here.

#### 1. Plaintiff's Citizenship

According to Plaintiff's Complaint, he "resides in King County, Washington." Compl. ¶ 15. In his materials sent to Defendant, Plaintiff shows that he resides in Seattle, Washington.

---

[1] The citizenship of Doe defendants is immaterial for purposes of determining minimal diversity under CAFA or otherwise. 28 U.S.C. 1441(a); *see Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

NOTICE OF REMOVAL - Page 3

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

Vijay Decl. ¶¶ 4–5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Therefore, Plaintiff's submitted address and his own assertions in the Complaint show that he is a resident, citizen of, and domiciled in Washington State.

### 2. Defendant's Citizenship

Defendant is incorporated and organized under the laws of Delaware, as previously explained. Vijay Decl. ¶ 3. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93. Defendant maintains its corporate headquarters in Aliso Viejo, California. Vijay Decl. ¶ 3. High-level officers of Defendant work, direct, control, and coordinate activities in California.

### 3. The $75,000 Amount-in-Controversy is Met

For diversity jurisdiction, the amount in controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiff or any putative class member is

NOTICE OF REMOVAL - Page 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff on all claims in the Complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted) (diversity removal). "This amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales,* 840 F.3d. at 648-69. *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (in CAFA removal action, holding that when statute or contract provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy).

A defendant is entitled to rely on reasonable assumptions surrounding plaintiff's alleged claims, including the potential attorney fees awarded under fee shifting statutes. *Gonzales,* 840 F.3d. at 648-69. Further, the Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Plaintiff seeks injunctive relief and attorney fees as set out in the remedies sections of RCW 49.58.110(4) and RCW 49.58.070(1). If this case proceeded to trial, Plaintiff's recoverable attorney fees would easily exceed $75,000, even without consideration of the cost of complying with the injunction or any damages awarded. It is a reasonable estimate that the number of attorney hours to even just litigate this case to summary judgment (e.g., investigate

NOTICE OF REMOVAL - Page 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

and prepare a complaint, complete written discovery, respond to discovery, complete at least two depositions, prepare a summary judgment motion or oppose the same) will total at least 100 hours of work. A recent declaration submitted by Plaintiff's lead counsel indicates he has an hourly rate of a $750 per hour; thus, the $75,000 amount-in-controversy will be reached after a mere 100 hours of attorney work (not including hours billed by other attorneys, paralegals, and support staff) and costs. Belnavis Decl. ¶ 5, Ex. 2. Furthermore, if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in their claims. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 858 (9th Cir. 2001).

### B.   Section 1332(d)(2) – CAFA Jurisdiction Exists

The § 1332(a)(1) diversity determination, however, is not necessary, as the Court clearly has jurisdiction under the CAFA. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra*, 775 F.3d at 1195; 28 U.S.C. § 1332(d). As the Ninth Circuit noted, CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014). "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal and questioning its statement that removal "must be rejected if there was any doubt as to

NOTICE OF REMOVAL - Page 6

FP 51074387.1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

removal); *Ibarra*, 775 F.3d at 1197 ("Congress intended CAFA to be interpreted expansively."). The following is intended to proactively address any concerns the Court may have regarding each CAFA requirement.

### 1. Minimal Diversity

Minimal diversity of citizenship exists for the reasons set out in Section IV.A.1–2.

### 2. Class Size

In his Complaint, Plaintiff defines the class as:

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with UST Global Inc, where the job posting did not disclose a wage scale or salary range.

Compl. ¶ 40. By Plaintiff's own estimation, "[t]here are potentially hundreds (if not thousands) of individuals who applied for jobs with Defendant within the time period relevant to this matter" and that "[j]oinder of all such individuals is impracticable." Compl. ¶ 42. Defendant agrees there were at least "hundreds of individuals" who submitted job applications during the relevant period and have preliminarily calculated that the putative class as defined by Plaintiff includes over 5,000 applicants beginning January 1, 2023. Vijay Decl. ¶ 6. Specifically, the total number of job applicants is estimated to be 5,384. *Id.* Thus, the potential class as identified by Plaintiff exceeds 100, as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

### 3. Amount in Controversy under CAFA

For CAFA, the amount in controversy must meet or exceed $5 million dollars. 28 U.S.C. § 1332(d)(2). Although Defendant denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff on all claims in the Complaint. *Cain*, 890 F. Supp. 2d at 1249 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (internal quotation marks omitted)). The amount in controversy is the total "amount at stake in

NOTICE OF REMOVAL - Page 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales*, 840 F.3d at 648 (internal citations omitted) (diversity removal).

Here, Plaintiff seeks: "[s]tatutory damages of $5,000 to Plaintiff and each Class Member pursuant to RCW 49.58.070." Compl. ¶ 56. Plaintiff describes the putative class broadly as "all individuals who . . . applied for a job opening in the State of Washington [.]" Compl. ¶ 40. Plaintiff does not define "applied," and fails to distinguish among hired employees, hired applicants who ultimately declined the job, applicants who received interviews but not job offers, or even those who submitted applications regardless of skills, qualifications, or actual interest in employment. Putting aside that Plaintiff's vague class definition overstates the reasonable reach of RCW 49.58.070(1), and his Complaint does not plead a legally tenable class or claim, potential statutory damages exceed the $5 million threshold for CAFA based on the number of potential class members as Plaintiff has chosen to define them. In order to meet this threshold, Defendant would only need 1,000 applicants in order to meet the $5 million threshold (1,000 x $5,000) as the potential recovery under RCW 49.58.070(1). From January 1, 2023 to present, approximately 5,489 individuals have applied to Defendant's job postings. Vijay Decl. ¶ 6. Assuming these 5,489 individuals qualify as "applicants" with the minimum $5,000 penalty applicable under RCW 49.58.070(1), the amount-in-controversy well exceeds the $5 million threshold to remove under CAFA.

Defendant emphasizes that this is not a concession of liability, and a party need not make such a concession to remove under CAFA. *Lewis,* 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint). *See also Arias,* 936 F.3d at 927 (vacating order of remand where trial court "seemed to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate of

NOTICE OF REMOVAL - Page 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

violation in order to estimate the amount in controversy). Accordingly, Defendant has satisfied the $5 million threshold under CAFA in order to support removal.

## V. NOTICE OF REMOVAL TO STATE COURT

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. §1332(a) because there is diversity of citizenship between Plaintiff and Defendant and at least $75,000 amount in controversy exists. Subject matter jurisdiction also exists under 28 U.S.C. §1332(d) because there is minimal diversity of citizenship inasmuch as at least one putative class member is a citizen of Washington and Defendant is a citizen of Delaware with its principal place of business in California. The putative class exceeds 100 members, and as pled, the amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Defendant has properly removed this action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections.

DATED this 24th day of June, 2024.

By *s/ Clarence M. Belnavis*
Clarence M. Belnavis, WSBA #36681

By *s/ Ryan R. Jones*
Ryan R. Jones, WSBA #52566
FISHER & PHILLIPS LLP
1700 7th Avenue, Suite 2200
Seattle, WA 98101
Phone: 206-682-2308
Facsimile: 206-682-7908
Email: cbelnavis@fisherphillips.com
Email: rjones@fisherphillips.com
*Attorneys for Defendant UST Global Inc.*

NOTICE OF REMOVAL - Page 9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1

# CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Timothy W. Emery
Patrick B. Reddy
Paul Cipriani
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
  *Attorneys for Plaintiff*

DATED this 24th day of June, 2024.

                                    s/Cyndi McClintock
                                    Cyndi McClintock, Legal Secretary
                                    An employee of Fisher & Phillips LLP

Certificate of Service – Page 1

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101
(206) 682-2308

FP 51074387.1